IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS P. TALAGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-cv-2159-EGS |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, moves the Court to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1) & (6).  A memorandum of law and proposed order accompany this motion.


Dated: May 23, 2008

                                                   Respectfully submitted,

                                          /s/ Duston K. Barton
                                       DUSTON K. BARTON (Bar No. 977045)
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       Post Office Box 227
                                       Ben Franklin Station
                                       Washington, D.C.  20044
                                       Telephone: (202) 514-9961
                                       Duston.Barton@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

      I, Duston K. Barton, certify that on May 23, 2008, a copy of the foregoing MOTION TO DISMISS with accompanying MEMORANDUM and proposed ORDER was served upon the following via postage prepaid U.S. Mail:

      Nicholas P. Talaga
      16620 Carse Ave.
      Harvey, IL 60426

      /s/ Duston K. Barton
      DUSTON K. BARTON

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS P. TALAGA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:07-cv-2159-EGS ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Nicholas P. Talaga is one of many plaintiffs filing form complaints seeking damages pursuant to 26 U.S.C. § 7433 for the Internal Revenue Service's alleged "disregard" of multiple provisions of the Internal Revenue Code.1/  For the reasons set forth below, the complaint should be dismissed.

**ARGUMENT**

Plaintiff's complaint should be dismissed because plaintiff's claims fail to state a claim upon which relief can be granted and because non-collection activities are not actionable under 26 U.S.C. § 7433.  A nearly identical complaint has already been dismissed by this Court for these reasons.  See Jaeger v. United States, 524 F.Supp.2d 60 (D.D.C. 2007).

---

1/ There have been approximately 150 similar § 7433 complaints filed in the Distirct of Columbia since mid-2005.  The present complaint is essentially word-for-word the same as those filed by Jonathan J. Jaeger (No. 07-1409-JDB) and James Gorman (No. 07-2215-PLF).

I.  **Talaga's complaint fails to allege sufficient factual detail to state a claim upon which relief can be granted.**

All of Talaga's counts are legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atlantic, 127 S.Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level.") Mere labels, conclusions, and "a formulaic recitation of the elements of a cause of action" are insufficient. Bell Atlantic, 127 S.Ct. at 1965 (citing Papasan v. Allaini, 478 U.S. 265 (1986)).

Plaintiff's complaint is woefully inadequate on these grounds. Far from containing sufficient factual allegations to give the defendant "fair notice" of the claim and "raise the right to relief above the speculative" the complaint merely parrots statutory language and makes conclusory allegations that the Internal Revenue Service violated the referenced statute. See id. Each of the counts begins with a broad reference to "tax collection activity" beginning "on or about 1999" and continuing "until the filing of this action." (Compl. Counts 1-15.) Each count then states "[i]n connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code 6203 [or other sections in subsequent counts] with intent to defeat the application thereof." (Id.) This conclusory statement is followed by a recitation of the statutory provision. (Id.)

2

Each count concludes with a statement that "[d]efendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation." (Id.)

Stripped of this conclusory language and formulaic recitation of statutory authority, the only facts remaining in the complaint are that the Internal Revenue Service has taken some "collection activity" against the plaintiff from around 1999 to the present, and that this activity includes one or more unidentified "Notice(s) of Tax Lien(s)" filed in Illinois and possibly elsewhere. These allegations fail to satisfy the notice pleading requirements because they "fail to put defendant on notice as to which notices of tax liens are at issue or the IRS conduct pertaining to specific liens that is allegedly unlawful, or whether some other action in pursuit of collection is at issue." Jaeger, 524 F.Supp.2d at 64. Accordingly, plaintiff's complaint should be dismissed for failure to state a claim.

## II. Talaga's counts dealing with noncollection activity must also be dismissed for lack of jurisdiction.

It is a fundamental tenet of jurisprudence that a sovereign cannot be sued without its consent. See, e.g., Block v. North Dakota, 461 U.S. 273 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress.") 26 U.S.C. § 7433 provides a limited waiver of sovereign immunity for claims arising from the *collection* of income taxes. See, e.g., Buaiz v. United States, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of

income taxes") (citing cases).  Because § 7433 provides a waiver of jurisdiction only with respect to claims arising out of collection activity, all of plaintiff's counts dealing with non-collection activity must be dismissed.  See id.

Plaintiff tries to overcome this jurisdictional hurdle by twice mentioning "collection action(s)" in each of his counts.  Despite plaintiff's conclusory language to the contrary, at least two of the counts do not deal with collection activity.  In count 1, plaintiff complains that the Internal Revenue Service "failed to provide plaintiff upon request copies of all assessment records. . ." and count 14 alleges that the Internal Revenue Service "asserted liens" without an assessment.  (Compl. counts 1 & 14.)  Because § 7433 "does not provide a cause of action for wrongful tax assessment [or] the absence of a tax assessment," counts 1 and 14 should be dismissed for lack of jursidiction.  Jaeger, 524 F.Supp.2d at 63-64.

**III.    Damages pursuant to Section 7214(a) are inapplicable.**

Talaga's prayer for damages pursuant to section 7214(a) fails for two reasons.  (Compl. 13.)  First, section 7214 is irrelevant to a claim under section 7433 because section 7433 delineates its own measure of damages.  See 26 U.S.C. §7433(b).  Second, section 7214 provides no private cause of action against the United States.2/  See United States v. Little, 753 F.2d 1420, 1437 (9th Cir. 1985); United States v. Hill, 2005 WL

---

2/ Following a criminal conviction of a revenue employee, damages may be recoverable by the victim.  See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996): Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978).  However, plaintiff has not alleged any such criminal conviction nor is the undersigned counsel aware of any such conviction.

3536118 (D. Ariz. 2005). Accordingly, damages pursuant to section 7214 are inapplicable.

## Conclusion

This Court should dismiss the complaint for aforementioned reasons.

Dated: May 23, 2008

Respectfully submitted,

    /s/ Duston K. Barton
DUSTON K. BARTON (Bar No. 977045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9961
Duston.Barton@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS P. TALAGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:07-cv-2159-EGS |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Having considered the United States' motion to dismiss plaintiff's complaint and any opposition thereto, the Court hereby:

ORDERS that the United States' motion to dismiss be and is GRANTED; and

ORDERS that plaintiff's complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE